# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA GURINA, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 16-3879 |
| : | |
| NANCY A. BERRYHILL, Acting : | |
| Commissioner of Social Security* : | |
| Defendant. : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                                                   October 4, 2018

      Plaintiff Victoria Gurina appeals herein the decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. Plaintiff seeks reversal of the Commissioner's decision, arguing that the Administrative Law Judge's ("ALJ") finding that she is not disabled was not based on substantial evidence. The Commissioner argues that the ALJ's determination was supported by substantial evidence and should therefore be upheld.

      The Court referred the case to United States Magistrate Judge Elizabeth T. Hey, who has issued a Report and Recommendation ("R&R") that the Commissioner's decision to deny benefits be affirmed. Plaintiff has filed objections to the R&R, to which the Commissioner has responded. Upon this Court's careful, independent consideration of the administrative record, the parties' submissions, and the applicable law, the Court will remand for further proceedings.

---
* Substituted pursuant to Fed. R. Civ. P. 25(d).

I.   FACTUAL AND PROCEDURAL BACKGROUND

The R&R presents an exhaustive review of the procedural history, factual background, evidence, and the most recent ALJ decision. Plaintiff makes no objection to this portion of the R&R, and the Court hereby adopts and incorporates parts I–III of the R&R.

Plaintiff filed an application for SSI on March 27, 2013, alleging a disability onset date of January 26, 2013. Plaintiff is a 49-year-old woman with a twelfth–grade education and no relevant work history. Plaintiff alleged that she was disabled as a result of depression, headaches, high blood pressure, thyroid issues, and fibromyalgia.

After Plaintiff's original application from 2013 was denied, an administrative hearing was held on November 19, 2014 by an ALJ who determined that Plaintiff was not disabled for purposes of receiving SSI. At the hearing, Plaintiff testified that she cannot work because it is difficult for her to communicate with others, she does not go outside by herself, and she suffers from crying spells and anxiety attacks.[1] In consideration of Plaintiff's symptoms and the opinions of several medical professionals, including Dr. Bronstein and Dr. Langberg,[2] the ALJ found that Plaintiff had the residual functioning capacity ("RFC") to perform:

> [S]imple, routine, repetitive work with no assembly lines or mandated teams; no public contact; as self-paced as possible, with no hourly quotas, such that the rate of work can vary or even briefly stop, but all assigned work must be completed by the end of the work shift or workday.[3]

---

[1] R. 80, 84–85.

[2] Dr. Bronstein is Plaintiff's treating psychiatrist, and Dr. Langberg is the psychologist who performed the consultative examination.

[3] R. 63.

When asked what type of work a hypothetical person with the limitations outlined in the RFC could perform, the vocational expert ("VE") named the jobs of table assembler, hand stuffer, and product bagger.[4]

The Appeals Council denied Plaintiff's request for review on May 18, 2016, and Plaintiff then filed an action in this Court. Of Plaintiff's many arguments concerning whether the ALJ's decision was supported by substantial evidence, Plaintiff now limits her objections to the R&R as follows: (1) The R&R improperly found that Dr. Bronstein's opinions were either adequately incorporated into the RFC or properly rejected by the ALJ, and (2) the R&R improperly found that Dr. Langberg's opinions were either assigned sufficient weight, or properly rejected, by the ALJ.[5]

## II. STANDARD OF REVIEW

The Social Security Act provides for judicial review by a district court of any "final decision of the Commissioner of Social Security" in a disability proceeding.[6] Upon review, a district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[7] The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."[8] Accordingly, the Court's scope of review is limited to a plenary review of all legal

---

[4] R. 87–88.

[5] Plaintiff also stated, in a third argument, that the ALJ failed to include all of Plaintiff's credibly established limitations in her RFC and hypothetical question to the VE. This argument is derivative of the others and will be addressed together with the first two.

[6] 42 U.S.C. § 405(g).

[7] *Id.*

[8] *Id.*

issues and a determination of whether the ALJ's findings of fact are supported by substantial evidence.[9]

"Substantial evidence" refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] The amount required is "more than a mere scintilla," but less than a preponderance of the evidence.[11] If the ALJ's factual findings were based on the correct legal standards and were supported by substantial evidence, the district court is bound by them, "even if [such court] would have decided the factual inquiry differently."[12] The substantial evidence standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."[13]

Finally, in considering whether to approve the R&R of a magistrate judge, a district court must review *de novo* those portions of the R&R to which a party has objected.[14] The district court may, in its discretion, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[15]

### III.   SOCIAL SECURITY LAW

An ALJ reviewing an application for disability benefits must employ a five-step process as established by the SSA.[16] At step one, the ALJ must decide whether the applicant is engaged

---

[9] *Schaudeck v. Comm'r of Social Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

[10] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

[11] *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir.1988).

[12] *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

[13] *Schaudeck*, 181 F.3d at 431.

[14] 28 U.S.C. § 636(b)(1)(C).

[15] *Id.*

[16] 20 C.F.R. § 404.1520; *see also Sykes v. Apfel*, 228 F.3d 259, 262–63 (3d Cir. 2000).

in substantial gainful activity. If she is, the claim is denied.[17] If the applicant is not, then the ALJ must determine at step two whether the applicant has a "severe impairment" that significantly limits her physical or mental ability to work.[18] If the applicant suffers from such an impairment, the ALJ must decide at step three whether the impairment meets the criteria for any of the impairments conclusively presumed to be disabilities, which are listed in Part 404, Subpart P, Appendix 1, or whether she has an equivalently debilitating medical condition.[19] If the applicant does not suffer from such an impairment, the ALJ must decide at step four whether the applicant has the RFC to perform past relevant work.[20] If the applicant does not have the RFC to perform past work, the burden shifts to the ALJ at step five to establish that the applicant has the RFC to perform other work that exists in the national economy.[21] If the ALJ cannot demonstrate that the applicant has the RFC to perform existing work, the ALJ must find the applicant to be disabled.

## IV. DISCUSSION

Plaintiff argues that the ALJ's decision at step five—that Plaintiff could perform work existing in significant numbers in the national economy—was not supported by substantial evidence. Plaintiff objects to the R&R's decision as to Dr. Bronstein, arguing that the R&R employed flawed reasoning, as well as reasoning not used by the ALJ, to justify the failure to incorporate the limitations into the RFC and hypothetical. As to Dr. Langberg's opinion, Plaintiff argues that the R&R did not address the ALJ's lack of explanation as to the weight assigned to

---

[17] 20 C.F.R. §§ 404.1520(b), 416.920(b); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

[18] 20 C.F.R. §§ 404.1520(c), 416.920(d).

[19] *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

[20] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[21] *Id.*

the moderate and marked limitations described by Dr. Langberg, and the R&R improperly found no error in the ALJ's decision to reject Dr. Langberg's assessment of marked limitations in responding appropriately to usual work situations and changes in routine work setting.

### A. Dr. Bronstein's Opinion

Dr. Bronstein was Plaintiff's treating psychiatrist. He provided treatment notes from eleven appointments with Plaintiff, which occurred between November of 2013 and December of 2014.[22] Dr. Bronstein stated that he met with Plaintiff for approximately fifteen to twenty minutes on a monthly basis.[23] Dr. Bronstein also conducted a psychiatric evaluation of Plaintiff on April 11, 2014.[24] He diagnosed Plaintiff with Major Depressive Disorder and noted her complaints of feelings of hopelessness, helplessness, worthlessness, low self-esteem, and chronic concentration difficulties.[25] Dr. Bronstein explained in one note that Plaintiff was experiencing symptoms of appetite disturbance, sleep disturbance, mood disturbance, decreased energy, difficulty thinking and concentrating, and that she was prescribed medications including Alprazolam, Remeron, Abilify, Effexor, and Wellbutrin SR.[26]

Plaintiff argues that the ALJ did not sufficiently consider the following limitations that Dr. Bronstein assigned to Plaintiff in his Medical Source Statement: a "poor or no" ability to work in proximity to others, and a "fair" or "seriously limited"[27] ability to maintain regular

---

[22] R. 385–94, 433–34.

[23] R. 428.

[24] R. 423–26.

[25] R. 423.

[26] R. 428–29.

[27] According to Dr. Bronstein's report, "fair" means a "seriously limited" ability to function. R. 429–430.

6

attendance, make simple work-related decisions, and deal with normal work stress.[28] Plaintiff argues that the ALJ erred by omitting these limitations from the RFC and resulting hypothetical despite the ALJ's statement that she explicitly assigned Dr. Bronstein's opinion as to these limitations "significant weight."

Because the ALJ explicitly credited this limitation, but did not incorporate it into the RFC and hypothetical, the Court sustains Plaintiff's objection as to Dr. Bronstein's opinion that Plaintiff has a "fair" or "seriously limited" ability to maintain regular attendance. The Court overrules Plaintiff's objections to the ALJ's treatment of the other limitations described by Dr. Bronstein, including Plaintiff's ability to work in proximity to others, ability to make simple work-related decisions, and ability to deal with normal work stress.[29]

The ALJ's failure to provide reasons for not incorporating Plaintiff's alleged limitation in maintaining regular attendance into the RFC and hypothetical requires remand. An ALJ may

---

[28] Pl.'s Obj. to R. & R. [Doc. No. 17] at 3.

[29] As to these three limitations, this Court reaches the same conclusion as the R&R but for different reasons. The RFC and hypothetical sufficiently addressed Plaintiff's limitations in these areas. The RFC and hypothetical addressed Plaintiff's "fair" ability to make simple work-related decisions and deal with normal work stress by limiting Plaintiff to "simple, routine, and repetitive work." R. 63. The RFC and hypothetical addressed her difficulties dealing with normal work stress by limiting her to jobs that are "as self-paced as possible, with no hourly quotas, such that the rate of work can vary or even briefly stop." R. 63.

The RFC and hypothetical addressed Plaintiff's limitations in working in proximity to others by limiting Plaintiff to work with "no assembly lines or mandated teams; no public contact" and work that is "as self-paced as possible." R. 63. There is substantial evidence in the record to support the ALJ's determination that Plaintiff could perform such work. Notably, the jobs that the VE suggested as a result of the RFC were, as the R&R notes, limited to those with "the lowest level of interaction with people that is necessary for jobs listed in the [Dictionary of Occupational Title]." R&R. 20 (citing *Hann v. Colvin*, 12-6234, 2014 WL 1382063, at *23 (N.D. Ca. Mar. 28, 2014)). The ALJ also specifically noted Dr. Bronstein's opinion that Plaintiff had a "good" ability to "interact appropriately with the general public and maintain socially appropriate behavior." R. 64. Moreover, the ALJ mentioned in her decision that "[Plaintiff's] records show that she interacts well with family members, and has even traveled internationally with family, which shows she is not as socially isolated as she claims." R. 61. While the ALJ gave "significant weight" to Plaintiff's limitations in interacting with others and incorporated it into the RFC, the ALJ provided adequate reasoning for not crediting Plaintiff's assertions as to the alleged severity of this limitation. Therefore, although the RFC does not explicitly require limited interaction with co-workers, the fact that it limits Plaintiff to "simple, routine, and repetitive work" that is as "self-paced as possible" reasonably addresses issues of being distracted when in proximity to others.

choose to reject evidence that is medically supported but also contradicted by other evidence.[30] An ALJ must also consider all of a claimant's medically determinable impairments in assessing a claimant's RFC, including impairments that are not severe.[31] However, once a limitation is determined to be "credibly established," the ALJ must accurately provide for it in the RFC and convey it to the vocational expert.[32] The Third Circuit has explained that where evidence is medically supported in some parts of the record but contradicted in other parts, it may or may not be "credibly established."[33] It is for the ALJ to determine whether the evidence is so established, but he or she may not reject the evidence for "no reason or for the wrong reason."[34]

In this case, the ALJ credited Dr. Bronstein's opinion that Plaintiff is seriously limited in her ability to maintain regular attendance. The ALJ included this limitation in the list of limitations to which she attributed "significant weight" and that she "incorporated into the functional assessment."[35] The ALJ also differentiated between the limitations in Dr. Bronstein's notes that were given significant weight and the "severe limitations regarding [Plaintiff's] memory and concentration," which the ALJ did not accept.[36] Plaintiff's ability to maintain

---

[30] *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

[31] 20 C.F.R. § 404.1545 (2016).

[32] *Rutherford*, 399 F.3d at 554.

[33] *Id.*

[34] *Id.* (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).

[35] R. 64.

[36] In her report, the ALJ listed Dr. Bronstein's opinion as to Plaintiff's limitations, including her limitation in her ability to maintain regular attendance. The ALJ then stated:

> While significant weight was accorded to this assessment, and the identified limitations incorporated into the functional assessment set forth above, the severe limitations regarding claimant's memory and concentration have not been accepted as they are not supported by the record as a whole, particularly upon review of Dr. Brownstein's contemporaneous treatment notes.

8

regular attendance is separate and distinct from any alleged severe limitations in memory and concentration, and was therefore credited by the ALJ.

The ALJ did note that Dr. Bronstein indicated that he could not estimate the frequency of Plaintiff's possible absences from work.[37] However, an inability to estimate the frequency of absences does not inherently discount Dr. Bronstein's opinion that Plaintiff has a serious limitation in maintaining regular attendance. Moreover, the ALJ did not state that Dr. Bronstein's inability to estimate the frequency of absences caused her to discount, or give less weight to, the opinion that Plaintiff is seriously limited in her ability to maintain attendance. Rather, as previously explained, the ALJ stated that she gave "significant weight to" this limitation.[38]

Despite crediting Plaintiff's limitation in maintaining regular attendance and being punctual within customary, usually strict tolerances, the ALJ did not incorporate it into the RFC or resulting hypothetical.[39] Consequently, the VE was not asked any questions related to these limitations at the November 19, 2014 hearing.[40] The VE's opinion that Plaintiff could perform the jobs of table assembler, hand stuffer, and product bagger was therefore not made in consideration of all of Plaintiff's limitations that the ALJ credited.[41] The ALJ also did not

---

R. 64.

[37] R. 64.

[38] R. 64.

[39] *See* R. 63.

[40] *See* R. 86–92.

[41] *See* R. 87–88.

9

provide any explanation for the RFC and hypothetical failing to mention Plaintiff's limitation in maintaining attendance. For this reason, remand is necessary.[42]

The Court sustains the objections to the R&R to the extent it employed reasoning not found in the ALJ's decision to justify the ALJ's choice not to address Plaintiff's limitation in maintaining attendance. The R&R determined that the ALJ decided not to credit Dr. Bronstein's opinion as to this limitation, reasoning that it is related to the "severe limitations in concentration and memory" that the ALJ explicitly discredited. In support of this determination, the R&R provided that Dr. Bronstein stated, "chronic concentration difficulties … may influence" the other limitations in Dr. Bronstein's report that are the subject of Plaintiff's motion.[43] Therefore, according to the R&R, the ALJ's decision to discredit Plaintiff's severe limitations related to concentration and memory provided an adequate basis for the ALJ to reject Plaintiff's alleged limitation in maintaining regular attendance. This basis relied upon by the R&R, however, appears nowhere in the ALJ's decision. The ALJ never associated Plaintiff's limitations in maintaining attendance with her concentration difficulties, and made no reference to Dr. Bronstein's note that Plaintiff's chronic concentration difficulties may influence her other limitations.

The Third Circuit has made clear that a court reviewing an administrative decision is "not permitted to weigh the evidence or substitute [its] own conclusions for that of the fact-finder."[44]

---

[42] "Where a credibly established limitation is omitted from an administrative law judge's hypothetical question to a vocational expert, there is a danger that the vocational expert will identify jobs requiring the performance of tasks that would be precluded by the omitted limitation." *Hux v. Astrue*, 11–1306, 2012 WL 4498845, at *6 (W.D. Pa. Aug. 27, 2012) (citing *Ramirez v. Barnhart*, 372 F.3d 546, 552–555 (3d Cir. 2004)).

[43] R&R at 16 (quoting R. 430).

[44] *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Instead, a court must rely on the reasoning and findings offered by the ALJ.[45] Here, the R&R substituted its own reasoning for that of the ALJ. The ALJ did not cite a relationship between limitations in concentration and limitations in maintaining attendance to support the decision to not address Plaintiff's alleged limitation in maintaining attendance in the RFC and hypothetical. Rather, the ALJ explicitly stated that she "incorporated" the listed limitations, which included the limitation in maintaining attendance, into the RFC.[46] Additionally, as previously noted, the ALJ explicitly distinguished between the limitations in Dr. Bronstein's notes that were given significant weight, including the limitation in maintaining attendance, and the "severe limitations regarding [Plaintiff's] memory and concentration," which the ALJ did not accept.[47]

Additionally, the R&R's reasoning is flawed. Dr. Bronstein's notes only mentioned that "chronic concentration difficulties *may* affect" the other limitations Plaintiff experiences.[48] A decision not to credit the doctor's opinion regarding "severe limitations regarding [Plaintiff's] memory and concentration," does not justify a decision to discount any opinion regarding an existing limitation that might be impacted by concentration or memory.[49] At most, a decision not

---

[45] *Cortes v. Comm'r of Soc. Sec.*, 255 Fed. App'x 646, 655 n.6 (3d Cir. 2007) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (citing *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943)).

[46] R. 64.

[47] R. 64. Notably, each of the limitations noted by Dr. Bronstein that the ALJ stated she "incorporated into the functional assessment" was a limitation that, according to Dr. Bronstein's notes, could be affected by concentration issues. Had the ALJ decided to discount every limitation influenced by issues of concentration, as the R&R suggests, there would have been no limitations identified by Dr. Bronstein to "incorporate[] into the functional assessment." R. 64.

[48] R. 430 (emphasis added).

[49] R. 64.

to accept limitations in memory and concentration would justify a decision not to accept the possibility that concentration issues "may" exacerbate other existing limitations.[50]

"Substantial gainful activity means performance of substantial services with reasonable regularity."[51] Plaintiff's limitation in her ability to maintain attendance is therefore certainly a relevant factor in determining whether she is able to engage in gainful employment. The Court thus holds that the ALJ's decision was not supported by substantial evidence because the ALJ credited Plaintiff's limitation in her ability to maintain regular attendance, but failed to incorporate it into the RFC assessment and hypothetical posed to the VE.[52] The case will be remanded to the Commissioner for further consideration as to whether Plaintiff's mental impairments limit her ability to work.

**B. Dr. Langberg's Opinion**

Dr. Langberg conducted a consultative examination on June 11, 2013.[53] He diagnosed Plaintiff with Major Depressive Disorder, recurrent, moderate to severe, and panic disorder with agoraphobia.[54] Plaintiff argues that the ALJ did not assign sufficient weight to the following opinions from Dr. Langberg: that Plaintiff has "moderate to marked" limitations in her ability to

---

[50] *See* R. 430.

[51] *Kangas v. Bowen*, 823 F.2d 775, 778 (3d Cir. 1987) (quoting *Markham v. Califano*, 601 F.2d 533, 534 (10th Cir. 1979)).

[52] *See e.g., Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004); *Washington v. Astrue*, No. 08–2938, 2009 WL 855893, at *1 (E.D. Pa. Mar. 31, 2009) (holding that remand was necessary where ALJ found at step four that plaintiff could perform her past relevant work but failed to include Plaintiff's mild limitations in social functioning and concentration in her RFC assessment and hypothetical to the vocational expert); *Curran v. Astrue*, No. 11–5894, 2012 WL 5494616, at *5 (E.D. Pa. Nov. 13, 2012) (holding that the ALJ's hypothetical was incomplete where it failed to address Plaintiff's mild functional limitations in daily living, social functioning, and concentration, persistence or pace).

[53] R. 279–87.

[54] R. 286.

relate to coworkers, employers, and the public due to anxiety; that she was "markedly limited" in her ability to shop due to anxiety; and that she had "moderate to marked" limitations in her ability to sustain work or work-like-related activities due to anxiety and depression.[55] Plaintiff argues that the ALJ provided erroneous reasons for rejecting Dr. Langberg's opinion that Plaintiff has "marked" limitations in responding appropriately to usual work situations and to changes in a routine work setting.

The Court agrees with the R&R that the ALJ properly explained the weight given to Dr. Langberg's opinion. Where evidence conflicts, the ALJ may choose which evidence to credit so long as she does not "reject evidence for no reason or for the wrong reason."[56] The ALJ is not required to undertake an "exhaustive discussion of all the evidence"; it is sufficient so long as the reviewing court can determine that the ALJ's decision is supported by substantial evidence.[57] Here, the ALJ adequately incorporated those opinions of Dr. Langberg that she chose to credit into the RFC.[58] Additionally, the ALJ's decision to reject Dr. Langberg's opinion concerning Plaintiff's alleged "marked" limitations responding to usual work situations and changes in

---

[55] Pl.'s Br. in Supp. of Req. for Judicial Review [Doc. No. 11] at 14–17.

[56] *Rutherford*, 399 F.3d at 554.

[57] *Hernandez v. Comm'r of Social Sec.*, 89 Fed. App'x 771, 773–74 (3d Cir. 2004); *See also Hur v. Barnhart*, 94 Fed. App'x 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record").

[58] The ALJ addressed Plaintiff's "marked" limitations in carrying out complex instructions by limiting her to simple, routine, and repetitive work. The ALJ addressed Plaintiff's "moderate" limitations in her inability to interact appropriately with the public, supervisors, and co-workers by limiting her to work with no assembly lines, no public contact, and work that is as self-paced as possible. *See* R. 63, 292. Although the ALJ did not include the specific language from Dr. Langberg's opinion that Plaintiff has difficulty sustaining work or worklike-related activities due to anxiety and depression, the ALJ sufficiently addressed this limitation. The language of this particular limitation is fairly broad, and the ALJ addressed and accounted for the specific issues identified by Dr. Langberg that contribute to her difficulty sustaining work-related activities including decision making, carrying out complex instructions, and making judgments on work-related activities. R. 287, 290.

routine was supported by substantial evidence.[59] Therefore, the Court overrules Plaintiff's objections relating to the ALJ's treatment of Dr. Langberg's opinions.

## V. CONCLUSION

For the foregoing reasons, this Court sustains Plaintiff's objection to the R&R in part, finding that the ALJ failed to incorporate Dr. Bronstein's opinion that Plaintiff has serious limitations in maintaining regular attendance into the RFC and hypothetical posed to the VE. The Court overrules Plaintiff's objections to the ALJ's treatment of the remainder of Dr. Bronstein's opinions. The Court also overrules Plaintiff's objections to the ALJ's treatment of Dr. Langberg's opinion. The Court grants Plaintiff's request for review, and remands for further consideration pursuant to 42 U.S.C. § 405(g).

---

[59] As noted in the R&R, substantial evidence supports the ALJ's decision to reject Dr. Langberg's opinion that Plaintiff has marked limitations responding appropriately to usual work situations and to changes in routine work settings. R&R at 23. The ALJ explained that Dr. Langberg only examined Plaintiff once and his narrative report does not support the identified marked limitations. Plaintiff correctly points out that Dr. Langberg's report lends some support to his opinion regarding this alleged limitation. Dr. Langberg found that Plaintiff had mild psychomotor retardation, dysphoric mood, sad and forlorn affect, inability to think abstractly, and difficulty in performing serial threes. R. 283–85. However, Dr. Langberg's narrative also noted that she was appropriately dressed and groomed, did not evidence obvious shifts in anxiety during the interview, was fully cooperative and pleasant, demonstrated a "good" level of insight, and her impulse control was intact. R. 283–85. Dr. Langberg's narrative report does not specifically mention Plaintiff's ability to respond to work situations and changes in routine. *See* R. 283–85. Moreover, Dr. Gavazzi, who reviewed Dr. Langberg's report, stated that Plaintiff had only "moderate" limitations responding to changes in the work setting. R. 129. The ALJ's decision resolving this conflict created by countervailing evidence was supported by substantial evidence in the record.